JOSEPH K. WAVER AND JAMES Mc. WAVER, ADMINISTRATORS, ETC., OF NANCY WAVER, DECEASED, APPELLANTS, *v.* WALTER J. WAVER AND WALTER K. WAVER, RESPONDENTS.

*When testimony inadmissible against representatives of deceased — Code of Civil Procedure,* §§ 829, 830.

In this action, to recover certain personal property belonging to plaintiffs' intestate, the defense was that certain notes, described in the complaint, were given by the intestate to defendant W. K. Waver, the proceeds of which were by him to be equally divided between himself and the defendant W. J. Waver;

that the residue of the property described in the complaint was given to defendant W. J. Waver and his wife, Mary. Upon the trial Mary was allowed to testify, as a witness for defendants, as to what occurred when the intestate was alleged to have given the notes to W. K. Waver.

*Held*, that, as her husband was interested in the event of the action, as he was· to share in the proceeds of the notes, that his wife's testimony was incompetent, under section 830* of the Code of Civil Procedure.

W. J. Waver was also called by defendants, and asked : "Were you present when the notes were handed over to Walter K. ?" *Held*, that this called for testimony as to a personal transaction with deceased, and was inadmissible under section 829 of the Code of Civil Procedure.

APPEAL from a judgment in favor of the defendants, entered in Allegany county upon the report of a referee.

*Frank S. Smith*, for the appellants.

*George S. Jones*, for the respondents.

TALCOTT, P. J.:

This is an appeal from a judgment, entered on the report of a referee.

The plaintiffs sue, as the administrators of Nancy Waver, for the conversion of certain personal property of which they claim she died the owner and in possession.

The referee finds that the property mentioned in the complaint was duly demanded of the defendants, and they refused to surrender the same.

The claim of the defendants is, that the said Nancy Waver, in her life-time, made a donation of certain promissory notes, described in the complaint to Walter K. Waver, one of her sons, to be equally divided between both defendants, and of the residue of the property, described in the complaint, to the other defendant, Walter J. Waver, her grandson, and to his wife, Mary Ett Waver.

On the trial the said Mary Ett Waver was sworn as a witness for the defendants; and, in the course of her examination, she was asked by the defendants' counsel the following question: "State what was said and what occurred at that time between Nancy Waver and the defendant Walter K. Waver ?" The time referred to was an occasion when, it was claimed by the

*[Repealed by chapter 166 of 1878.—REP.]

defendants, that the notes in question were delivered to the defendant Walter K. Waver. The question was objected to, as repugnant to section 830 of the Code of Civil Procedure. The objection was overruled and the plaintiffs' counsel excepted.

Walter J. Waver, the husband of the witness, was clearly interested in maintaining the defense of Walter K. Waver, and his title to the promissory notes in question, or the proceeds, if the defense could be sustained. Section 830 of the Code of Civil Procedure, under which the objection was made, provides that the husband or wife of a party interested, who cannot be examined concerning a transaction or communication, as prescribed in section 829, cannot be examined as a witness concerning the same transaction or communication, or a like transaction or communication between the witness and the deceased person. Walter J. Waver, the husband of the witness, could not have been examined concerning the communication specified, under section 829, on account of his interest. The testimony of the wife was, therefore, inadmissible.

Walter J. Waver was likewise examined as a witness for the defendants, and, on his examination, he was asked by the counsel for the defendants: "Were you present when the notes were handed over to Walter K.?" This was objected to by the counsel for the plaintiffs as repugnant to section 829 of the Code of Civil Procedure. The objection was overruled, and the plaintiff's counsel excepted. As has already been stated, Walter J. Waver was directly interested in maintaining the title of Walter K. Waver to the notes in question, not only as affecting the amount of damages to be recovered in the action, but as one of the beneficiaries or *cestui que trust* to share in the notes, which the defendants claimed had been donated to Walter K. Waver to be equally divided between himself and Walter J. Waver. Section 829 of the Code of Civil Procedure prohibits the examination of a witness in his own behalf or interest against the administrator of a deceased person, as to a personal transaction or communication between the witness and the deceased person. We think the transaction alleged was sufficiently personal with Walter J. Waver to render his testimony on the subject obnoxious to section 829, and therefore he was an incompetent witness by whose testimony to establish it.

We think the referee erred in admitting the testimony of Walter J. Wayer and Mary Ett, his wife, to establish the fact of the parol trust alleged to have been created for their benefit.

The judgment is reversed, and a new trial ordered before another referee, costs to abide the event.

Present—TALCOTT, P. J., SMITH and HARDIN, JJ.

Judgment reversed, and new trial ordered before another referee, costs to abide the event.